NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSUE ESTRADA CALVILLO, *Petitioner*.

No. 1 CA-CR 19-0239 PRPC
FILED 9-1-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2013-003405-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Josue Estrada Calvillo, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Josue Estrada Calvillo petitions this Court to review the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　　Petitioner pled guilty to one count of sexual conduct with a minor, a class 2 felony, and two counts of attempted child molestation, class 3 felonies. *See* A.R.S. §§ 13-1405, -1410. The superior court imposed a twenty-year sentence for the sexual conduct charge plus concurrent lifetime probation terms for the attempted molestation charges, to run consecutively to the prison term. By entering a guilty plea, Petitioner waived all non-jurisdictional defenses, errors and defects before the plea. *State v. Flores*, 218 Ariz. 407, 409-10, ¶ 6 (App. 2008).

**¶3**　　　　Petitioner timely requested post-conviction relief and the superior court appointed defense counsel to represent him. PCR counsel found no colorable issues to raise after reviewing the record and considering Petitioner's input. Petitioner then moved for post-conviction relief *pro se* in the superior court, challenging only his conviction for sexual conduct with a minor. He argued that insufficient evidence supported his conviction because the State suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), pointing to an undisclosed (1) medical report finding "no signs of genital injury or trauma" to the victim and (2) transcript of a call between Petitioner's wife and a family member. Petitioner did not otherwise challenge the factual basis supporting his conviction for sexual conduct with a minor. *See State v. Ovante*, 231 Ariz. 180, 184, ¶ 12 (2013) ("Before accepting a plea, a court must establish a factual basis for each element of the crime."); Ariz. R. Crim. P. 17.3(b). He also claimed ineffective assistance of counsel for failure to investigate this previously undisclosed evidence. The superior court summarily dismissed his petition.

¶4          Summary dismissal is appropriate unless the petitioner states a colorable claim, *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016), meaning the claim, if true, "might have changed the outcome," *State v. Runningeagle*, 176 Ariz. 59, 63 (1993). We review the superior court's denial of relief for an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016). We find no abuse here.

## *Brady* Claim

¶5          The State violates "a defendant's right to due process [under *Brady*] if it withholds evidence that is favorable to the defense and material to the defendant's guilt." *See Smith v. Cain*, 565 U.S. 73, 75 (2012); *State v. Benson*, 232 Ariz. 452, 460, ¶ 24 (2013) (same). Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Smith*, 565 U.S. at 75 (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009)).

¶6          Petitioner fails to present a colorable *Brady* claim for two reasons. First, pleading defendants waive all non-jurisdictional defects antedating the plea, *Flores*, 218 Ariz. at 409-10, ¶ 6, including any pretrial *Brady* violations, *State v. Reed*, 121 Ariz. 547, 548 (App. 1979).

¶7          Second, the undisclosed documents were neither exculpatory nor material. Because Petitioner's conviction for sexual conduct with a minor arose from masturbatory contact ("rubbing"), not penetration, the lack of physical trauma to the victim's genitals does not negate his guilt. And the call transcript only reflects that Petitioner denied the crime to his wife, which does not establish Petitioner's innocence or disprove any element of sexual conduct with a minor. *See* A.R.S. § 13-1405(A). As such, Petitioner has not shown a reasonable probability that disclosure of the medical report or transcript would have led him to reject a plea offer and proceed to trial. *See Benson*, 232 Ariz. at 460, ¶ 24.

## Ineffective Assistance of Counsel

¶8          Petitioner likewise fails to present a colorable claim for ineffective assistance of counsel. A petitioner "may obtain post-conviction relief on the basis that counsel's ineffective assistance led [him] to make an uninformed decision to accept or reject a plea bargain." *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013). To state a colorable claim, the petitioner "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced [him]." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

**¶9**  Petitioner cannot show that counsel's performance was deficient during plea negotiations, *Runningeagle*, 176 Ariz. at 63, meaning that counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000). Petitioner suggests his counsel was deficient because he never discovered the medical report or call transcript. Aside from our determination that this evidence was neither exculpatory nor material, defense counsel cannot reasonably be expected to explore possible defenses based on an investigation of undisclosed evidence. *See Kolmann*, 239 Ariz. at 160, ¶ 9 (We ask whether counsel's assistance was "reasonable under prevailing professional norms, 'considering all the circumstances.'") (quoting *Hinton v. Alabama*, 571 U.S. 263, 273 (2014)). Petitioner therefore cannot show prejudice either. *See State v. Bowers*, 192 Ariz. 419, 424, ¶ 19 (App. 1998) (The prejudice requirement "is satisfied when a petitioner demonstrates a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (internal quotation marks omitted) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

**¶10**  Nor did Petitioner "specify the acts or omissions of counsel that allegedly constitute ineffective assistance [of counsel]." *State v. Santanna*, 153 Ariz. 147, 149 (1987); *Donald*, 198 Ariz. at 413, ¶ 17 (To establish a colorable claim, petitioner must "present more than a conclusory assertion" and "should support [his] allegations by sworn statements or provide a satisfactory explanation of their absence."). Petitioner only asserts that counsel conducted "no investigation" and failed to "challenge any part of the [S]tate's case on material [or] constitutional grounds." *Cf. State v. Pandeli*, 242 Ariz. 175, 180-83, ¶¶ 2, 9, 22 (2017) (PCR counsel asserted fifteen specific IAC claims, including failure to cross-examine the State's key witness and failure to present petitioner's brain imaging scans.). Petitioner's inability to articulate his claim or specify why counsel's efforts were deficient is fatal. *See State v. Leyva*, 241 Ariz. 521, 526, ¶ 13 (App. 2017) ("[A] challenge to plea proceedings is subject to summary dismissal when based on 'conclusory allegations unsupported by specifics' or on 'contentions that in the face of the record are wholly incredible.'") (quoting *Blacklege v. Allison*, 431 U.S. 63, 74 (1977)).

**¶11**  Lastly, Petitioner does not allege he was induced to plead guilty by promises or threats, and this court has rejected his "coercion" theory. *Leyva*, 241 Ariz. at 526, ¶¶ 14, 16 (A defendant "will feel 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty, but defense counsel's . . . honest but negative assessment of

[petitioner's] chances at trial does not constitute improper behavior or coercion that would suffice to invalidate a plea.") (alteration in original) (internal quotation marks omitted) (quoting *United States v. Juncal*, 245 F.3d 166, 172-74 (2d Cir. 2001)).

¶12        We therefore grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA